UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY L. COOK,

        Plaintiff,

      v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

Case No. C03-3487FDB

ORDER GRANTING
§ 406(b) FEES IN PART

Plaintiff's counsel moves for attorneys fees in the amount of $10,536.25 pursuant to 42 U.S.C. § 406(b) for the Federal court representation of Plaintiff. Defense counsel objects only insofar as Plaintiff's counsel has not deducted the EAJA fee amount of $4,800.40 already paid to counsel; thus, defendant argues that Plaintiff's counsel is only owed $5,735.85.

The parties agree that the Social Security Administration has already advised Plaintiff that 25% of his past-due benefits is $15,836,25. This is the amount that an attorney's fee agreement may not exceed. Plaintiff contracted with his attorney to pay 25% of past-due benefits for his Federal court representation. Another attorney was paid $5,300.00 at the administrative stage of these proceedings, pursuant to 42 U.S.C. § 406(a), which governs attorney's fees in the administrative process.

ORDER - 1

Plaintiff argues that 406(a) fees and 406(b) fees are considered separately and may each total 25 percent of the back award. Plaintiff argues that his contingent fee agreement for 25% of past-due benefits is reasonable because the request of $10,536.25 is within the statutory maximum of 25% of past-due benefits, which is $15,836.25. Effectively, argues Plaintiff, the amount requested may be viewed as already including the $4,800.40 that has already been paid. Plaintiff argues that the risk taken by counsel is reflected in the contingent fee request, and whereas a typical contingent fee arrangement is one-third of a recovery.

The Government notes that EAJA fees are paid out of Agency funds while § 406 fees are paid out of the claimant's past-due benefits and that "the claimant's attorney refunds to the claimant the amount of the smaller fee." Public Law 99-80, § 3, 99 Stat. 183, 186 (1985)(codified as "savings provision" at 28 U.S.C. § 2412 (Supp. IV 1986).

Plaintiff's counsel's fee request must be reduced by the EAJA Fee already received in order for the Plaintiff to receive the benefit intended by EAJA – that is, the entire fee does not come out of past-due benefits. *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002) does not state that § 406(a) and § 406(b) fees may each total 25 percent of the back award. The case merely states the obvious that "[t]he statute deals with the administrative and judicial review stages discretely," referring to §§ 406(a) and (b). *Grisbrecht* also noted that "In many cases, as in the instant case, the Equal Access to Justice Act (EAJA) enacted in 1980, effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* at 796. The Court continued:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Act of August 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186.

*Id.* The prevailing theme is to limit erosion of the award of benefits by attorney's fees to 25% of past-due benefits. The question of whether the 25% cap applies to the total of 406(a) and 406(b) fees was addressed in *Morris v. Social Security Administration*, 689 F.2d 495 (4th Circ. 1982). In

ORDER - 2

1  that case, the amount of fees requested under both 406(a) and (b) was in excess of 25% of past-due

2  benefits.  After reviewing Congressional history of the provisions, the Court stated:

> The obvious intent of Congress was to establish a ceiling for attorney's fees that was independent of the course of the proceedings.  To adopt the construction urged by the petitioner in this case would allow an attorney to recover fifty percent of his client's accrued benefits in direct contravention of congressional attempts to foreclose contingent fee arrangements of one-third to one-half.

6  *Morris*, 689 F.2d at 498.   Here, if Plaintiff's counsel were awarded $10,536.25, this amount plus the

7  $5,300.00 awarded under 406(a) would total $15,836.25, which is 25% of the past-due benefits.

8  While Plaintiff's counsel argues that such an award is reasonable and that he could have sought

9  more, nevertheless, the EAJA fee already paid must be refunded.  Just as in *Grisbrecht*, the amount

10 of past-due benefits to be received by the Plaintiff in this case is increased by the amount of EAJA

11 fees already paid.

12         ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion for 406(b) Attorney's Fees [Dkt. #

13 23] are GRANTED IN PART: Plaintiff is awarded **$5,735.85**, which amount is the remainder of

14 25% of past-due benefits after deduction of the 406(a) and EAJA fees.

16         DATED this 6th day of July, 2006.

                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE

26 ORDER - 3